■ The People of the State of New York, Respondent, v Jody Swanson, Appellant. [844 NYS2d 521]—

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered June 7, 2005. The judgment convicted defendant, upon a jury verdict, of criminal trespass in the second degree, unlawful imprisonment in the second degree, menacing in the second degree, criminal possession of a weapon in the fourth degree and resisting arrest.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, criminal trespass in the second degree (Penal Law § 140.15) and unlawful imprisonment in the second degree (§ 135.05). Defendant failed to preserve for our review his contention concerning the alleged repugnancy of the verdict based on his acquittal of burglary inasmuch as he failed to raise that contention before County Court discharged the jury (*see People v Carter*, 21 AD3d 1295, 1296 [2005], *affd* 7 NY3d 875 [2006]; *People v Alfaro*, 66 NY2d 985, 987 [1985]). Defendant also failed to preserve for our review his contention that the criminal trespass conviction is not supported by legally sufficient evidence based on the People's failure to establish that he unlawfully entered or remained in the building. Defendant's motion for a trial order of dismissal was not " 'specifically directed' at" that alleged deficiency in the evidence (*People v Gray*, 86 NY2d 10, 19 [1995]). Insofar as defendant preserved for our review his contentions that other parts of the conviction are not supported by legally sufficient evidence, we conclude that those contentions are lacking in merit

(*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Also contrary to defendant's contention, the verdict is not against the weight of the evidence (*see generally id.*).

We reject the further contention of defendant that the court violated his right to counsel of his choosing by disqualifying his original trial attorney. "A lawyer is ethically required to withdraw from acting as an advocate if it is obvious that he or she 'may be called as a witness on a significant issue other than on behalf of the client . . . [and] it is apparent that the testimony is or may be prejudicial to the client' . . . An attorney also should not continue to serve as an advocate when it is obvious that the lawyer will be called as a witness on behalf of the client" (*People v Berroa*, 99 NY2d 134, 139-140 [2002]). The advocate-witness rule "generally requires the lawyer to withdraw from employment when it appears that he [or she] . . . will be called to testify regarding a disputed issue of fact" (*People v Paperno*, 54 NY2d 294, 299-300 [1981]). Here, the record establishes that there was a significant possibility that defendant's original trial attorney would be called to testify with respect to a disputed issue of fact and, thus, "[u]nder these circumstances, we conclude that the . . . court did not err or improvidently exercise its discretion in [sua sponte] disqualifying" him from continuing as defendant's trial attorney (*People v Amato*, 173 AD2d 714, 716 [1991], *lv denied* 78 NY2d 919, 961 [1991], *cert denied* 502 US 1058 [1992]; *see People v Limongelli*, 156 AD2d 473, 474-475 [1989], *lv denied* 76 NY2d 894 [1990]). Contrary to defendant's further contention, there is no requirement that the court be certain that the attorney will testify at trial before disqualifying him or her (*see generally Amato*, 173 AD2d at 716).

We have considered defendant's remaining contentions and conclude that they either are without merit or are moot in light of our determination. Present—Gorski, J.P., Smith, Centra, Fahey and Pine, JJ.