FOURTH DEPARTMENT, APRIL, 2008

(April 25, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN T. CARLISLE, Appellant. (Appeal No. 1.) [856 NYS2d 410]— Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered November 8, 2006. The judgment convicted defendant, upon his plea of guilty, of sexual abuse in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment entered upon his plea of guilty of sexual abuse in the first degree (Penal Law § 130.65 [3]). Defendant contends in his main brief that his plea was coerced by comments made by County Court and that the court therefore abused its discretion in denying his motion to withdraw his guilty plea. Defendant failed to raise that contention in support of his motion to withdraw his guilty plea and failed to move to vacate the judgment of conviction on that ground. Thus, he failed to preserve that contention for our review (*see People v Aguayo*, 37 AD3d 1081 [2007], *lv denied* 8 NY3d 981 [2007]). This case does not fall within the narrow exception to the preservation requirement set forth in *People v Lopez* (71 NY2d 662, 666 [1988]).

The remaining contentions of defendant are raised in his pro se supplemental brief. Defendant's contention concerning alleged prosecutorial misconduct concerns matters outside the record on appeal and thus must be raised by way of a motion pursuant to CPL 440.10 (*see People v Hoeft*, 42 AD3d 968, 969-970 [2007], *lv denied* 9 NY3d 962 [2007]; *see generally People v Williams*, 48 AD3d 1108, 1109 [2008]). To the extent that the further contention of defendant that he was denied effective assistance of counsel from both of his defense attorneys survives his plea of guilty (*see People v Burke*, 256 AD2d 1244 [1998], *lv denied* 93 NY2d 851 [1999]), we conclude that it is lacking in merit (*see generally People v Ford*, 86 NY2d 397, 404 [1995]).

The contention of defendant that his plea was not knowing, voluntary and intelligent because he did not know the terms of his probation at the time of the plea is unpreserved for our review inasmuch as defendant did not move to withdraw the plea on that ground, nor did he move to vacate the judgment of conviction on that ground (*see Aguayo*, 37 AD3d 1081 [2007]). Present—Smith, J.P., Lunn, Peradotto, Green and Pine, JJ.