■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS W. BOYDE, IV, Appellant. [897 NYS2d 570]—

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered January 8, 2008. The judgment convicted defendant, upon his plea of guilty, of insurance fraud in the third degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting

him upon his plea of guilty of two counts of insurance fraud in the third degree (Penal Law § 176.20). Defendant contends that his plea was coerced because Supreme Court threatened to impose a greater sentence in the event of a conviction following a trial. We reject that contention. Although it is well settled that "[a] defendant may not be induced to plead guilty by the threat of a heavier sentence if he [or she] decides to proceed to trial" (*People v Christian* [appeal No. 2], 139 AD2d 896, 897 [1988], *lv denied* 71 NY2d 1024 [1988]), the statements of the court at issue, made during a pre-plea proceeding, "amount to a description of the range of the potential sentences" rather than impermissible coercion (*People v Flinn*, 60 AD3d 1304, 1305 [2009]). "The fact that defendant may have pleaded guilty to avoid receiving a harsher sentence does not render his plea coerced" (*People v Villone*, 302 AD2d 866 [2003], *lv denied* 4 NY3d 768 [2005]).

Even assuming, arguendo, that defendant preserved for our review his challenge to the factual sufficiency of the plea allocution (*see People v Lopez*, 71 NY2d 662, 665 [1988]), we conclude that it is without merit. Defendant further contends that he was denied effective assistance of counsel. "[T]o the extent that defendant's contention is based on defense counsel's alleged failure to investigate certain facts of the case, it 'is unreviewable on direct appeal [because] it involves matters outside the record' " (*People v Washington*, 39 AD3d 1228, 1230 [2007], *lv denied* 9 NY3d 870 [2007]; *see People v Sharpe*, 295 AD2d 957, 958 [2002]). Further, to the extent that defendant's contention with respect to the remaining alleged errors of defense counsel is not forfeited by the plea (*see People v Santos*, 37 AD3d 1141 [2007], *lv denied* 8 NY3d 950 [2007]), it is lacking in merit. The record establishes that defendant received an advantageous plea agreement and nothing in the record suggests that defense counsel's representation was anything less than meaningful (*see People v Balanean*, 55 AD3d 1353 [2008], *lv denied* 11 NY3d 895 [2008]; *see generally People v Ford*, 86 NY2d 397, 404 [1995]). Present—Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ.