# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**239**
**KA 10-00023**
PRESENT: SCUDDER, P.J., FAHEY, CARNI, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                        V                            MEMORANDUM AND ORDER

WILLIE HALL, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

WILLIE HALL, DEFENDANT-APPELLANT PRO SE.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered October 2, 2009. The judgment convicted defendant, upon his plea of guilty, of assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a plea of guilty of assault in the first degree (Penal Law § 120.10 [4]), defendant contends that his plea was not knowing, voluntary, and intelligent because it was coerced by Supreme Court. Defendant failed to move to withdraw his plea or to vacate the judgment of conviction on that ground and therefore failed to preserve his contention for our review (*see People v Carlisle*, 50 AD3d 1451, *lv denied* 10 NY3d 957). In any event, defendant's contention is belied by the record inasmuch as, during the plea proceeding, defendant denied that he had been threatened or otherwise influenced against his will into pleading guilty (*see People v Worthy*, 46 AD3d 1382, *lv denied* 10 NY3d 773; *People v Gradia*, 28 AD3d 1206, 1206-1207, *lv denied* 7 NY3d 756). Furthermore, defendant was not coerced into pleading guilty by virtue of the fact that the court merely informed him of the range of sentences that he faced if he proceeded to trial and was convicted (*see People v Boyde*, 71 AD3d 1442, 1443, *lv denied* 15 NY3d 747; *People v Lando*, 61 AD3d 1389, *lv denied* 13 NY3d 746). Also contrary to defendant's contention, under the circumstances of this case the court did not coerce him into pleading guilty by commenting on the likelihood that defendant would be acquitted of a particular charge or on the strength of the People's evidence against him (*see generally People v Hamilton*, 45 AD3d 1396, *lv denied* 10 NY3d 765; *People v Campbell*, 236 AD2d 877, 878; *People v King*, 169 AD2d 480, 481).

Defendant failed to preserve for our review his further contention that he was not properly adjudicated a second violent felony offender because neither the People nor the court complied with CPL 400.15 (*see People v Myers*, 52 AD3d 1229; *see also People v Tatum*, 39 AD3d 571; *see generally People v Bouyea*, 64 NY2d 1140, 1142-1143). In any event, that contention is without merit. The record establishes that there was "substantial compliance with CPL 400.15 . . . inasmuch as both defendant and defense counsel 'received adequate notice and an opportunity to be heard with respect to the prior conviction' " (*Myers*, 52 AD3d at 1230; *see generally Bouyea*, 64 NY2d at 1142). Finally, contrary to the contention of defendant in his pro se supplemental brief, the sentence is not unduly harsh or severe.

Entered:  March 25, 2011                          Patricia L. Morgan
                                                  Clerk of the Court