# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1392**
**KA 10-01078**
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

DONIQUE BOYD, DEFENDANT-APPELLANT.

---

LEONARD, CURLEY & WALSH PLLC, ROME (MARK C. CURLEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered December 19, 2008. The judgment convicted defendant, upon his plea of guilty, of rape in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of rape in the first degree (Penal Law § 130.35 [1]). "Although the contention of defendant that he was coerced into pleading guilty and thus that the plea was not voluntarily entered survives the waiver of the right to appeal, defendant did not move to withdraw the plea or to vacate the judgment of conviction and thus failed to preserve that contention for our review" (*People v Russell*, 55 AD3d 1314, 1314-1315, *lv denied* 11 NY3d 930; *see People v Ali*, 96 NY2d 840, 841, *revg* 277 AD2d 138; *People v Jackson*, 90 AD3d 1692, 1693, *lv denied* 18 NY3d 958; *People v Dozier*, 59 AD3d 987, 987-988, *lv denied* 12 NY3d 815). In any event, defendant's contention lacks merit. While we agree with defendant that it would have been impermissibly coercive for County Court to inform him that it would impose the maximum sentence if defendant chose to go to trial rather than to enter a plea (*see e.g. People v Flinn*, 60 AD3d 1304, 1305; *People v Stevens*, 298 AD2d 267, 268, *lv dismissed* 99 NY2d 585), here the court merely informed defendant that he could "face" 25 years in state prison were he to be convicted after trial. We thus conclude that "the court's statement was a proper explanation of defendant's sentence exposure in the event that defendant chose not to plead guilty" (*Dozier*, 59 AD3d at 988; *see Jackson*, 90 AD3d at 1693; *People v Bravo*, 72 AD3d 697, 698, *lv denied* 15 NY3d 747; *People v Boyde*, 71 AD3d 1442, 1443, *lv denied* 15 NY3d

747).