# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**4**
**KA 10-01466**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, CARNI, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

MIZRAIN TRINIDAD-AYALA, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered July 7, 2010. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]). We agree with defendant that his waiver of the right to appeal is not valid. During the plea colloquy, County Court informed defendant that, if he did not sign a written waiver of the right to appeal, it would not be bound to honor the sentence promise of 15 years. Inasmuch as the maximum sentence defendant faced was 25 years, we conclude that the court thereby implicitly threatened a penalty of 10 years of additional incarceration in the event that defendant did not sign the waiver. That language rendered the court's colloquy concerning the waiver impermissibly coercive (*see generally People v Fisher*, 70 AD3d 114, 117-118). Although defendant's contention with respect to the severity of the sentence therefore is not encompassed by the invalid waiver, we nevertheless conclude that the sentence is not unduly harsh or severe.

Entered:  February 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court