# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**252**
**KA 11-02500**
PRESENT: SMITH, J.P., CARNI, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

RICHARD PITCHER, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered September 26, 2011. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the first degree (Penal Law § 140.30 [2]). Initially, we agree with defendant that his waiver of the right to appeal was not valid (*see People v Trinidad-Ayala*, 114 AD3d 1229, 1229, *lv denied* 23 NY3d 1044). Defendant failed to preserve for our review, however, his challenge to the factual sufficiency of the plea colloquy (*see People v Lopez*, 71 NY2d 662, 665; *People v Spears*, 106 AD3d 1534, 1535, *affd* 24 NY3d 1057). Contrary to defendant's contention, this case does not fall within the rare exception to the preservation requirement set forth in *Lopez* because nothing in the plea allocution calls into question the voluntariness of the plea or casts "significant doubt" upon his guilt (*id.* at 666; *see People v Lewandowski*, 82 AD3d 1602, 1602). In any event, even assuming, arguendo, that defendant's initial hesitation to implicate his codefendant in the crime called into question the voluntariness of defendant's plea, we conclude on the record before us that County Court fulfilled its "duty to inquire further to ensure that defendant's guilty plea [was] knowing and voluntary" (*Lopez*, 71 NY2d at 666; *see People v Mitchell*, 48 AD3d 1081, 1082, *lv denied* 10 NY3d 867).

Defendant failed to move to withdraw his plea, and thus he failed to preserve for our review his further contention that his plea was coerced by the court (*see People v Carlisle*, 50 AD3d 1451, 1451, *lv denied* 10 NY3d 957). In any event, that contention is belied by the

record because, during the plea proceeding, defendant denied that he had been threatened or otherwise pressured into pleading guilty (*see People v Worthy*, 46 AD3d 1382, 1382, *lv denied* 10 NY3d 773; *People v Gradia*, 28 AD3d 1206, 1206-1207, *lv denied* 7 NY3d 756). Furthermore, the court did not coerce defendant into pleading guilty merely by informing him of the range of sentences that he faced if he proceeded to trial and was convicted (*see People v Boyde*, 71 AD3d 1442, 1443, *lv denied* 15 NY3d 747; *People v Lando*, 61 AD3d 1389, 1389, *lv denied* 13 NY3d 746), or by commenting on the strength of the People's evidence against him (*see generally People v Hamilton*, 45 AD3d 1396, 1396, *lv denied* 10 NY3d 765; *People v Campbell*, 236 AD2d 877, 878). In addition, "the fact that defendant was required 'to accept or reject the plea offer within a short time period does not amount to coercion' " (*People v Irvine*, 42 AD3d 949, 949, *lv denied* 9 NY3d 962; *see People v Mason*, 56 AD3d 1201, 1202, *lv denied* 11 NY3d 927).

We reject the further contention of defendant that the court erred in determining that he was not entitled to receive the benefit of a favorable sentencing provision of the plea agreement, which required him to cooperate with the People in the prosecution of his codefendant. At the time of the plea, the court indicated that it would sentence defendant to a lesser sentence if he cooperated in the prosecution of his codefendant, including providing truthful testimony at his codefendant's trial, but that it would impose the maximum sentence if defendant failed to cooperate. Defendant later informed the probation officer who prepared the presentence report that he would not testify against the codefendant. Based on the information that defendant provided to the prosecutor in a meeting prior to the codefendant's trial, which varied from the testimony provided by all the other witnesses, and upon defendant's statements to the probation officer, the prosecutor determined that defendant would not provide truthful testimony and declined to call him as a witness at the codefendant's trial. Furthermore, when called as a defense witness at that trial, defendant invoked his rights under the Fifth Amendment of the United States Constitution. We agree with the People that defendant's efforts to cooperate were "of questionable value and . . . clearly less than what the People bargained for" (*People v Paige*, 266 AD2d 587, 588, *lv denied* 94 NY2d 827; *see generally People v Curdgel*, 83 NY2d 862, 864). Defendant's contention that the cooperation contemplated by the plea agreement did not require him to testify against his codefendant is belied by the record (*cf. People v Gabbidon*, 96 AD3d 1235, 1236). Consequently, "the record supports the court's determination that defendant's level of cooperation in the trial of [his codefendant] was insufficient" (*People v Crawford*, 55 AD3d 1335, 1336, *lv denied* 11 NY3d 896).

Defendant further contends that he was denied effective assistance of counsel because defense counsel did not file certain motions and was late in arriving in court at times. Defendant's contention "survives his guilty plea only to the extent that [he] contends that his plea was infected by the alleged ineffective assistance." In that context, we conclude that defendant received meaningful representation inasmuch as he received "an advantageous plea and nothing in the record casts doubt on the apparent

effectiveness of counsel" (*People v Nieves*, 299 AD2d 888, 889, *lv denied* 99 NY2d 631 [internal quotation marks omitted]; *see People v Arney*, 120 AD3d 949, 950; *People v Campbell*, 106 AD3d 1507, 1508, *lv denied* 21 NY3d 1002).

As the People correctly concede, the uniform sentence and commitment sheet incorrectly recites that defendant was convicted of robbery in the first degree.  The sentence and commitment must therefore be amended to correct the clerical error and to reflect that defendant was convicted of burglary in the first degree (*see generally People v Saxton*, 32 AD3d 1286, 1286-1287).

The sentence is not unduly harsh or severe.  We have considered defendant's remaining contentions and conclude that they are without merit.

Entered:  March 27, 2015                    Frances E. Cafarell
                                            Clerk of the Court