# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

613
KA 14-01742
PRESENT: SMITH, J.P., CARNI, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

TOBIAS BOYLAND, DEFENDANT-APPELLANT.

---

ANTHONY J. LANA, BUFFALO, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DONNA A. MILLING OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered April 13, 2012. The judgment convicted defendant, upon his plea of guilty, of bail jumping in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of bail jumping in the second degree (Penal Law § 215.56), defendant contends that County Court erred in granting the People's motion to disqualify defense counsel, which the People made to prevent defense counsel from violating the advocate-witness rule (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7), and the unsworn witness rule (*see generally People v Paperno*, 54 NY2d 294, 300-301). Contrary to defendant's contention, the court properly discharged the attorney on the ground that his continued representation of defendant would violate the advocate-witness rule (*see Paperno*, 54 NY2d at 299-300; *People v Lawson*, 65 AD3d 1380, 1380, *lv denied* 13 NY3d 908; *People v Swanson*, 43 AD3d 1331, 1332, *lv denied* 9 NY3d 1010).

Finally, insofar as defendant contends that the People could not establish that he received proper notice to appear in court and surrender, we note that such contention is a challenge to the sufficiency of the evidence, and was therefore forfeited by his plea of guilty (*see People v Nichols*, 37 AD3d 1097, 1098, *lv denied* 8 NY3d 948). Indeed, "it would be logically inconsistent to permit a defendant to enter a plea of guilty based on particular admitted facts, yet to allow that defendant . . . to challenge on appeal the sufficiency of those facts to support a conviction, had there been a

trial" (*People v Plunkett*, 19 NY3d 400, 405-406).