# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1335/14**
**KA 12-00590**
PRESENT: CENTRA, J.P., FAHEY, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

LUIS QUINONES, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered August 10, 2011. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree (two counts).

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03). We agree with defendant that County Court erred in failing to determine whether he should be afforded youthful offender status (*see People v Rudolph*, 21 NY3d 497, 501). Defendant was convicted of an armed felony offense, and the court therefore was required "to determine on the record whether the defendant is an eligible youth by considering the presence or absence of the factors set forth in CPL 720.10 (3) . . . [and] make such a determination on the record" (*People v Middlebrooks*, ___ NY3d ___, ___ [June 11, 2015]). Inasmuch as the court failed to do so here, we hold the case, reserve decision, and remit the matter to County Court to make and state for the record "a determination of whether defendant is a youthful offender" (*Rudolph*, 21 NY3d at 503).

We also agree with defendant that his waiver of the right to appeal is not valid. The court informed defendant that, if he failed to sign a written waiver of the right to appeal, it would not be bound to honor the sentence promise of two consecutive five-year terms of incarceration and could impose up to the maximum sentence on him, i.e., a term of incarceration of 15 years. We conclude that the court thereby threatened defendant with a greater term of incarceration in the event that defendant did not sign the waiver, thus rendering the court's colloquy concerning the waiver impermissibly coercive (*see*

*People v Trinidad-Ayala*, 114 AD3d 1229, 1229, *lv denied* 23 NY3d 1044). We nevertheless reject defendant's contention that the sentence was harsh and excessive.

All concur, FAHEY, J., not participating.