# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

487

KA 14-00867

PRESENT: SMITH, J.P., CENTRA, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DANIEL S. ROUNDS, DEFENDANT-APPELLANT.

---

JOHN J. RASPANTE, UTICA, FOR DEFENDANT-APPELLANT.

LEANNE K. MOSER, DISTRICT ATTORNEY, LOWVILLE, D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Lewis County Court (Daniel R. King, J.), rendered October 18, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal sexual act in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal sexual act in the first degree (Penal Law § 130.50 [3]). We note at the outset that the notice of appeal contains an incorrect description of the court from which the appeal is taken. The notice of appeal is otherwise accurate, however, and "we exercise our discretion, in the interest of justice, and treat the notice of appeal as valid" (*People v Mitchell*, 93 AD3d 1173, 1173, *lv denied* 19 NY3d 999). We agree with defendant that his waiver of the right to appeal was not valid. During the plea colloquy, County Court "conflated the appeal waiver with the rights automatically waived by the guilty plea" (*People v Martin*, 88 AD3d 473, 474, *affd* 19 NY3d 914; *see People v Harris*, 125 AD3d 1506, 1506, *lv denied* 26 NY3d 929). Consequently, " 'the record fails to establish that defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (*People v Cooper*, 136 AD3d 1397, 1398; *see Martin*, 88 AD3d at 474). Nevertheless, we affirm.

Defendant failed to move to withdraw his plea or to vacate the judgment of conviction, and he thus failed to preserve for our review his contention that he was coerced into pleading guilty based on statements made by the court and counsel prior to the plea (*see People v Boyd*, 101 AD3d 1683, 1683; *People v Lando*, 61 AD3d 1389, 1389, *lv denied* 13 NY3d 746). In any event, "defendant's contention is belied by the record inasmuch as, during the plea proceeding, defendant denied that he had been threatened or otherwise influenced against his

will into pleading guilty" (*People v Hall*, 82 AD3d 1619, 1619-1620, *lv denied* 16 NY3d 895).

Defendant's contention that he was denied effective assistance of counsel survives his guilty plea to the extent that he contends that the plea was infected by the alleged ineffective assistance (*see People v Gimenez*, 59 AD3d 1088, 1089, *lv denied* 12 NY3d 816). After a review of the record, however, we reject that contention (*see generally People v Ford*, 86 NY2d 397, 404; *People v Baldi*, 54 NY2d 137, 147). "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of [defense] counsel" (*Ford*, 86 NY2d at 404; *see People v Bonavito*, 121 AD3d 1499, 1500, *lv denied* 25 NY3d 988; *People v Nieves*, 299 AD2d 888, 889, *lv denied* 99 NY2d 631), which is the case here. Indeed, we note that "the record reflects that defendant expressed satisfaction with defense counsel's services" (*People v Martin*, 55 AD3d 1236, 1237-1238, *lv denied* 11 NY3d 927, *reconsideration denied* 12 NY3d 855).

Finally, the sentence, including the period of postrelease supervision, is not unduly harsh or severe.

Entered:  June 10, 2016                              Frances E. Cafarell
                                                     Clerk of the Court