# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**3**
**KA 12-00320**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

SHAWN OBBAGY, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

JEANNIE D. MICHALSKI, CONFLICT DEFENDER, GENESEO, FOR
DEFENDANT-APPELLANT.

GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Livingston County Court (Dennis S.
Cohen, J.), rendered October 20, 2011. The judgment convicted
defendant, upon his plea of guilty, of criminal mischief in the third
degree, driving while intoxicated, a misdemeanor, and resisting
arrest.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment
convicting him upon his plea of guilty of, inter alia, criminal
mischief in the third degree (Penal Law § 145.05 [2]) and resisting
arrest (§ 205.30) arising from his conduct upon being arrested for
driving while intoxicated in a parking lot. In appeal No. 2,
defendant appeals from a judgment convicting him upon his plea of
guilty of criminal mischief in the third degree (§ 145.05 [2]) arising
from the damage that defendant caused to an SUV in the parking lot
while operating his vehicle. Defendant contends in both appeals that
his pleas of guilty to the counts of criminal mischief in the third
degree, which were made during a single plea colloquy, were not
knowingly, voluntarily, and intelligently entered. By failing to move
to withdraw his pleas or to vacate the judgment of conviction in each
appeal, defendant failed to preserve his contention for our review
(*see People v Boyden*, 112 AD3d 1372, 1372-1373, *lv denied* 23 NY3d
960). We conclude that this case does not fall within the narrow
exception to the preservation requirement because the plea colloquy
with respect to the criminal mischief crimes did not "clearly cast[]
significant doubt upon the defendant's guilt or otherwise call[] into
question the voluntariness of the plea[s]" (*People v Lopez*, 71 NY2d
662, 666).

In any event, inasmuch as the record establishes that defendant understood the consequences of his guilty pleas and that he was pleading guilty in exchange for a negotiated sentence that was less than the maximum term of imprisonment, we conclude that the pleas were knowingly and voluntarily entered (*see People v Cubi*, 104 AD3d 1225, 1226-1227, *lv denied* 21 NY3d 1003).  Contrary to defendant's contention, County Court did not err in advising him that he faced the possibility of consecutive sentences if convicted following trial because the criminal mischief charges arose from separate and distinct acts as part of a single criminal episode (*see People v Couser*, 28 NY3d 368, ___; *People v Peterson*, 71 AD3d 1419, 1420, *lv denied* 14 NY3d 891, *reconsideration denied* 21 NY3d 1008).  Contrary to defendant's further contention, "[a]lthough it is well settled that '[a] defendant may not be induced to plead guilty by the threat of a heavier sentence if he [or she] decides to proceed to trial,' " we conclude that the statements made by the court and the prosecutor during the pre-plea proceedings " 'amount to a description of the range of the potential sentences' rather than impermissible coercion" (*People v Boyde*, 71 AD3d 1442, 1443, *lv denied* 15 NY3d 747; *see People v Boyd*, 101 AD3d 1683, 1683-1684).  " 'The fact that defendant may have pleaded guilty to avoid receiving a harsher sentence does not render his plea[s] coerced' " (*Boyde*, 71 AD3d at 1443).

Finally, defendant's challenge in appeal No. 1 to the sufficiency of the evidence of his guilt with respect to resisting arrest was forfeited by his plea of guilty (*see People v Boyland*, 128 AD3d 1538, 1539, *lv denied* 25 NY3d 1198).

Entered:  February 3, 2017                    Frances E. Cafarell
                                              Clerk of the Court