Appeal from a judgment of the Livingston County Court (Dennis S. Cohen, J.), rendered October 20, 2011. The judgment convicted defendant, upon his plea of guilty, of criminal mischief in the third degree, driving while intoxicated, a misdemeanor, and resisting arrest.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, criminal mischief in the third degree (Penal Law § 145.05 [2]) and resisting arrest (§ 205.30) arising from his conduct upon being arrested for driving while intoxicated in a parking lot. In appeal No. 2, defendant appeals from a judgment convicting him upon his plea of guilty of criminal mischief in the third degree (§ 145.05 [2]) arising from the damage that defendant caused to an SUV in the parking lot while operating his vehicle. Defendant contends in both appeals that his pleas of guilty to the counts of criminal mischief in the third degree, which were made during a single plea colloquy, were not knowingly, voluntarily, and intelligently entered. By failing to move to withdraw his pleas or to vacate the judgment of conviction in each appeal, defendant failed to preserve his contention for our review *1297 (see People v Boyden, 112 AD3d 1372, 1372-1373 [2013], lv denied 23 NY3d 960 [2014]). We conclude that this case does not fall within the narrow exception to the preservation requirement because the plea colloquy with respect to the criminal mischief crimes did not “clearly cast[ ] significant doubt upon the defendant’s guilt or otherwise call[ ] into question the voluntariness of the plea[s]” (People v Lopez, 71 NY2d 662, 666 [1988]).
In any event, inasmuch as the record establishes that defendant understood the consequences of his guilty pleas and that he was pleading guilty in exchange for a negotiated sentence that was less than the maximum term of imprisonment, we conclude that the pleas were knowingly and voluntarily entered (see People v Cubi, 104 AD3d 1225, 1226-1227 [2013], lv denied 21 NY3d 1003 [2013]). Contrary to defendant’s contention, County Court did not err in advising him that he faced the possibility of consecutive sentences if convicted following trial because the criminal mischief charges arose from separate and distinct acts as part of a single criminal episode (see People v Couser, 28 NY3d 368, 376 [2016]; People v Peterson, 71 AD3d 1419, 1420 [2010], lv denied 14 NY3d 891 [2010], reconsideration denied 21 NY3d 1008 [2013]). Contrary to defendant’s further contention, “[although it is well settled that ‘[a] defendant may not be induced to plead guilty by the threat of a heavier sentence if he [or she] decides to proceed to trial,’ ” we conclude that the statements made by the court and the prosecutor during the pre-plea proceedings “ ‘amount to a description of the range of the potential sentences’ rather than impermissible coercion” (People v Boyde, 71 AD3d 1442, 1443 [2010], lv denied 15 NY3d 747 [2010]; see People v Boyd, 101 AD3d 1683, 1683-1684 [2012]). “‘The fact that defendant may have pleaded guilty to avoid receiving a harsher sentence does not render his plea[s] coerced’ ” (Boyde, 71 AD3d at 1443).
Finally, defendant’s challenge in appeal No. 1 to the sufficiency of the evidence of his guilt with respect to resisting arrest was forfeited by his plea of guilty (see People v Boyland, 128 AD3d 1538, 1539 [2015], lv denied 25 NY3d 1198 [2015]).
Present — Centra, J.P., Peradotto, Carni and Lindley, JJ.