People v Juarbe (2018 NY Slip Op 04458)





People v Juarbe


2018 NY Slip Op 04458


Decided on June 15, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., DEJOSEPH, CURRAN, AND WINSLOW, JJ.


573 KA 16-01087

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSE JUARBE, DEFENDANT-APPELLANT. 






FRANK J. NEBUSH, JR., PUBLIC DEFENDER, UTICA (DAVID A. COOKE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered April 11, 2016. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of assault in the second degree (Penal Law § 120.05 [3]), defendant contends that his waiver of the right to appeal was not valid, and that his plea was not knowing, voluntary, and intelligent. Regardless of whether defendant's waiver of the right to appeal is valid, it does not preclude our review of his challenge to the validity of the plea because defendant's contention implicates the voluntariness of the plea (see People v Copes, 145 AD3d 1639, 1639 [4th Dept 2016], lv denied 28 NY3d 1182 [2017]). We further conclude that defendant's challenge to the voluntariness of his plea is not preserved for our review inasmuch as he did not move to withdraw his plea or to vacate the judgment of conviction (see People v Rosado, 70 AD3d 1315, 1315-1316 [4th Dept 2010], lv denied 14 NY3d 892 [2010]). In any event, defendant's contention lacks merit. "Although it is well settled that [a] defendant may not be induced to plead guilty by the threat of a heavier sentence if he [or she] decides to proceed to trial' . . . , the statements of the court at issue . . . amount to a description of the range of the potential sentences' rather than impermissible coercion . . . The fact that defendant may have pleaded guilty to avoid receiving a harsher sentence does not render his plea coerced' " (People v Boyde, 71 AD3d 1442, 1443 [4th Dept 2010], lv denied 15 NY3d 747 [2010]; see People v Obbagy, 147 AD3d 1296, 1297
[4th Dept 2017], lv denied 29 NY3d 1035 [2017]).
Entered: June 15, 2018
Mark W. Bennett
Clerk of the Court