People v Dolan (2020 NY Slip Op 05369)





People v Dolan


2020 NY Slip Op 05369


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND BANNISTER, JJ.


664 KA 17-00155

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JODI DOLAN, DEFENDANT-APPELLANT. 






HAYDEN DADD, CONFLICT DEFENDER, GENESEO (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered October 11, 2016. The judgment convicted defendant upon her plea of guilty of attempted perjury in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of attempted perjury in the first degree (Penal Law §§ 110.00, 210.15). By failing to move to withdraw her guilty plea or to vacate the judgment of conviction, defendant failed to preserve for our review her contention that the plea was not knowingly, intelligently, and voluntarily entered (see People v McCullen, 162 AD3d 1661, 1661 [4th Dept 2018]). Contrary to defendant's contention, this case does not fall within the rare exception to the preservation requirement because nothing in the plea colloquy calls into question the voluntariness of the plea or casts "significant doubt" on her guilt (People v Lopez, 71 NY2d 662, 666 [1988]; see People v Pitcher, 126 AD3d 1471, 1472 [4th Dept 2015], lv denied 25 NY3d 1169 [2015]). In any event, even assuming, arguendo, that defendant's initial hesitation to enter the plea called into question the voluntariness of the plea, we conclude on the record before us that County Court fulfilled its "duty to inquire further to ensure that defendant's guilty plea [was] knowing and voluntary" (Lopez, 71 NY2d at 666; see Pitcher, 126 AD3d at 1472; People v Mitchell, 48 AD3d 1081, 1082 [4th Dept 2008], lv denied 10 NY3d 867 [2008]). Contrary to defendant's further contention, the sentence is not unduly harsh or severe.
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court