People v Jackson (2024 NY Slip Op 06490)

People v Jackson

2024 NY Slip Op 06490

Decided on December 20, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, GREENWOOD, AND KEANE, JJ.

886 KA 23-00660

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
EARL J. JACKSON, DEFENDANT-APPELLANT. 

RYAN JAMES MULDOON, AUBURN, FOR DEFENDANT-APPELLANT. 
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered January 5, 2023. The judgment convicted defendant, upon his plea of guilty, of aggravated family offense and criminal contempt in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of aggravated family offense (Penal Law § 240.75 [1]) and criminal contempt in the first degree (§ 215.51 [c]). We affirm.
Defendant contends that his plea was not knowingly, voluntarily, or intelligently entered because County Court coerced him into accepting the plea. By not moving to withdraw the plea or to vacate the judgment of conviction, defendant failed to preserve his contention for our review (see People v Valerio-Lacen, 224 AD3d 1328, 1329 [4th Dept 2024]; People v Williams, 198 AD3d 1308, 1309 [4th Dept 2021], lv denied 37 NY3d 1149 [2021]). Contrary to defendant's contention, this case does not implicate the narrow exception to the preservation rule "where the particular circumstances of a case reveal that a defendant had no actual or practical ability to object to an alleged error in the taking of a plea that was clear from the face of the record" (People v Conceicao, 26 NY3d 375, 381 [2015]; see People v Williams, 27 NY3d 212, 221 [2016]; Valerio-Lacen, 224 AD3d at 1329; Williams, 198 AD3d at 1309).
In any event, defendant's challenge to the plea lacks merit. Indeed, defendant's assertion that the court coerced him into pleading guilty is belied by the record because, at the plea colloquy, defendant denied that he had been threatened or otherwise pressured into pleading guilty and, moreover, defendant specifically denied that the court had said anything to cause him to plead guilty against his will (see Williams, 198 AD3d at 1309; People v Pitcher, 126 AD3d 1471, 1472 [4th Dept 2015], lv denied 25 NY3d 1169 [2015]). Further, contrary to defendant's assertion, "[a]lthough it is well settled that '[a] defendant may not be induced to plead guilty by the threat of a heavier sentence if [the defendant] decides to proceed to trial,' " we conclude that the statements made by the court during the pre-plea proceedings " 'amount to a description of the range of the potential sentences' rather than impermissible coercion" (People v Boyde, 71 AD3d 1442, 1443 [4th Dept 2010], lv denied 15 NY3d 747 [2010]; see People v Obbagy, 147 AD3d 1296, 1297 [4th Dept 2017], lv denied 29 NY3d 1035 [2017]). " 'The fact that defendant may have pleaded guilty to avoid receiving a harsher sentence does not render his plea coerced' " (Boyde, 71 AD3d at 1443; see Obbagy, 147 AD3d at 1297). Likewise, contrary to defendant's assertion, we conclude on this record that the court "did not coerce defendant into pleading guilty merely . . . by commenting on the strength of the People's evidence against him" (Pitcher, 126 AD3d at 1472; see People v Dix, 170 AD3d 1575, 1577 [4th Dept 2019], lv denied 33 NY3d 1030 [2019]; People v Hall, 82 AD3d 1619, 1620 [4th Dept 2011], lv denied 16 NY3d 895 [2011]).
Finally, we reject defendant's contention that the sentence is unduly harsh and severe.
Entered: December 20, 2024
Ann Dillon Flynn
Clerk of the Court