People v Freeman (2025 NY Slip Op 07125)

People v Freeman

2025 NY Slip Op 07125

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, GREENWOOD, NOWAK, AND KEANE, JJ.

641 KA 22-01452

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vCHRISTOPHER FREEMAN, DEFENDANT-APPELLANT. 

CHARLES J. GREENBERG, AMHERST, FOR DEFENDANT-APPELLANT.
JOHN NABINGER, DISTRICT ATTORNEY, WATERLOO (KEVIN URBAITIS OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Seneca County Court (Barry L. Porsch, J.), rendered July 28, 2021. The judgment convicted defendant, upon his plea of guilty, of assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of assault in the first degree (Penal Law § 120.10 [1]). We affirm.
Defendant contends that his plea was not knowingly, voluntarily, or intelligently entered because County Court and defense counsel coerced him into accepting the plea and because he did not understand the plea proceeding. Although defendant retains the right to appellate review of his challenge to the voluntariness of the plea regardless of the validity of his waiver of the right to appeal (see People v Thomas, 34 NY3d 545, 566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]), defendant correctly concedes that, by failing to move to withdraw the plea or to vacate the judgment of conviction, he failed to preserve his contention for our review (see People v Evancho, 236 AD3d 1470, 1470-1471 [4th Dept 2025], lv denied 43 NY3d 1045 [2025]; People v Rounds, 140 AD3d 1657, 1658 [4th Dept 2016], lv denied 28 NY3d 1031 [2016]). Contrary to defendant's contention and the dissent's assertion, we conclude that this case does not fall within the rare exception to the preservation requirement set forth in People v Lopez (71 NY2d 662, 666 [1988]). Defendant equivocated when the court first asked whether, with the requisite intent, he caused serious physical injury to the victim by repeatedly stabbing her, "thereby triggering the trial court's duty to conduct a further inquiry to ensure that defendant's plea was knowingly and voluntarily made" (People v McNair, 13 NY3d 821, 822-823 [2009]; see People v Edwards, 55 AD3d 1337, 1338 [4th Dept 2008], lv denied 11 NY3d 924 [2009]; People v Castanea, 265 AD2d 906, 907 [4th Dept 1999]; see also People v Bovio, 206 AD3d 1568, 1570 [4th Dept 2022]). With respect to evaluating the sufficiency of that inquiry, " '[a]t a minimum[,] the record of the . . . plea proceedings must reflect . . . that defendant's responses to the court's subsequent questions removed the doubt about defendant's guilt' " (People v Mox, 84 AD3d 1723, 1724 [4th Dept 2011], affd 20 NY3d 936 [2012]; see People v Burroughs, 106 AD3d 1512, 1512 [4th Dept 2013]; People v Roy, 77 AD3d 1310, 1310-1311 [4th Dept 2010]).
Here, despite the court's initial inclination to end the plea proceeding and allow the matter to proceed to trial and its indication that it could not accept a plea that was not voluntary, the court continued with the plea proceeding after defendant emphatically insisted that the plea "is voluntary . . . is voluntary . . . is voluntary" and that the court was not pressuring him. Defendant was given another opportunity to consult with defense counsel and then indicated that he wanted to proceed with the plea, and the court thereafter asked again whether defendant, with intent to cause serious physical injury, did in fact cause such injury to the victim by repeatedly stabbing her, to which defendant answered in the affirmative. The court then followed up one more time by asking defendant whether he was telling the truth when he answered that prior [*2]question, to which defendant again responded in the affirmative. Therefore, contrary to the dissent's suggestion that the law required more of the court, the record reflects that the court "properly conducted such [a further] inquiry and that defendant's responses to the court's subsequent questions removed [any] doubt about [his] guilt" with respect to the previously negated elements of assault in the first degree (People v Vogt, 150 AD3d 1704, 1705 [4th Dept 2017]; see People v Shaw, 222 AD3d 1401, 1402 [4th Dept 2023], lv denied 42 NY3d 930 [2024]; People v Woods, 126 AD3d 1543, 1543-1544 [4th Dept 2015], lv denied 27 NY3d 970 [2016]). Moreover, contrary to defendant's related assertion and the dissent's suggestion, while defendant indicated at the outset of the colloquy that he had been in special education classes when he was in school and that he had not understood unspecified portions of the proceeding thus far, the record establishes that the court properly accepted the plea only after making appropriate "further inquir[ies] to ensure that defendant underst[ood] the nature of the charge and that the plea [was] intelligently entered" (Lopez, 71 NY2d at 666; see Evancho, 236 AD3d at 1471; People v Brown, 305 AD2d 1068, 1068-1069 [4th Dept 2003], lv denied 100 NY2d 579 [2003]).
In any event, we conclude that defendant's challenge to the voluntariness of the plea lacks merit. Indeed, defendant's contention that the court coerced him into accepting the plea is belied by the record because, during the plea colloquy, defendant denied that he had been threatened or otherwise pressured into pleading guilty and, moreover, defendant specifically denied that the court had pressured him into taking a plea (see People v Williams, 198 AD3d 1308, 1309 [4th Dept 2021], lv denied 37 NY3d 1149 [2021]; People v Pitcher, 126 AD3d 1471, 1472 [4th Dept 2015], lv denied 25 NY3d 1169 [2015]). Further, contrary to defendant's assertion, "[a]lthough it is well settled that '[a] defendant may not be induced to plead guilty by the threat of a heavier sentence if [the defendant] decides to proceed to trial,' " we conclude that the statements made by the court " 'amount to a description of the range of the potential sentences' rather than impermissible coercion" (People v Boyde, 71 AD3d 1442, 1443 [4th Dept 2010], lv denied 15 NY3d 747 [2010]; see People v Obbagy, 147 AD3d 1296, 1297 [4th Dept 2017], lv denied 29 NY3d 1035 [2017]). The fact that defendant " 'may have pleaded guilty to avoid receiving a harsher sentence does not render his plea coerced' " (Boyde, 71 AD3d at 1443; see Obbagy, 147 AD3d at 1297). Likewise, contrary to defendant's assertion, we conclude on this record that the court "did not coerce defendant into pleading guilty merely . . . by commenting on the strength of the People's evidence against him" (Pitcher, 126 AD3d at 1472; see People v Dix, 170 AD3d 1575, 1577 [4th Dept 2019], lv denied 33 NY3d 1030 [2019]; People v Hall, 82 AD3d 1619, 1620 [4th Dept 2011], lv denied 16 NY3d 895 [2011]). Contrary to defendant's related assertion, we conclude that "defense counsel's advice that [defendant] was unlikely to prevail at trial and that he would likely receive a harsher sentence if convicted after trial . . . does not constitute coercion" (People v Griffin, 120 AD3d 1569, 1570 [4th Dept 2014], lv denied 24 NY3d 1084 [2014]; see People v Moore, 229 AD3d 1279, 1280 [4th Dept 2024]; People v Vargas, 171 AD3d 1394, 1395 [3d Dept 2019]).
Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid, defendant's further contention that he was denied effective assistance of counsel based on defense counsel's failure to pursue an intoxication defense and to seek a mental health competency examination does not survive his guilty plea because defendant " 'failed to demonstrate that the plea bargaining process was infected by the allegedly ineffective assistance or that [he] entered the plea because of defense counsel's allegedly poor performance' " (People v Blount, 239 AD3d 1426, 1427 [4th Dept 2025], lv denied 44 NY3d 981 [2025]; see People v Williams, 159 AD3d 1343, 1343 [4th Dept 2018], lv denied 31 NY3d 1123 [2018]; People v Grandin, 63 AD3d 1604, 1604 [4th Dept 2009], lv denied 13 NY3d 744 [2009]). Moreover, to the extent that defendant's contention is based on matters outside the record, it is not properly before us (see People v Loper, 239 AD3d 1473, 1474 [4th Dept 2025]).
All concur except Nowak, J., who dissents and votes to reverse in the following memorandum:
I respectfully dissent because County Court failed to adequately conduct the requisite "further inquiry" to ensure that defendant's guilty plea was knowing and voluntary (People v Lopez, 71 NY2d 662, 666 [1988]), after defendant indicated that he did not cause—or did not intend to cause—serious physical injury to the victim. Thus, this case falls squarely within the Lopez exception to the preservation requirement, and defendant "may challenge the sufficiency [*3]of the allocution on direct appeal, notwithstanding that a formal postallocution motion was not made" (id.; see People v Worden, 22 NY3d 982, 985 [2013]; People v Bovio, 206 AD3d 1568, 1569 [4th Dept 2022]).
Here, in the factual portion of the colloquy, the court asked defendant whether, on a particular date, at a particular place, he intended to cause serious physical injury to the victim, and did in fact cause her serious physical injury by repeatedly stabbing her. Defendant hesitated, the court asked if he wanted the question repeated, and defendant answered "[n]o. I guess." Nevertheless, the court repeated the question, and the following colloquy between the court and defendant occurred:
"Q. Is it true that on or about [the date in question] while at [the address in question], that you had intent to cause serious physical injury and that you did cause serious physical injury to [the victim] by repeatedly stabbing her? It's either a yes or no answer.
"A. (No response.)
"Q. Do you have an answer to my question?
" A. I'm sorry. I'm not trying to make things hard and difficult.
"Q. How about answering the question. It's either yes or no or I don't know. I need an answer.
"A. I don't know."
The court did not make any further inquiry in an attempt to ascertain whether the plea was knowing and voluntary. Rather, the court threatened to terminate the plea proceeding and force defendant to trial. Defendant replied, "[y]es then."
I disagree with the majority's conclusion that the court was at all reassured by defendant repeatedly imploring that his plea was "voluntary"; quite the contrary, the court recognized that it could not accept the plea despite defendant's exhortations, and permitted defendant to speak off the record with counsel. Once back on the record, the court re-asked the same lengthy question regarding the underlying facts of the offense nearly verbatim, to which defendant now responded "[y]es." The court then asked defendant whether he was "telling . . . the truth when [he] answered that question," and defendant responded, "[y]eah." Despite his prior contradictory statements, defendant also answered "[y]es" moments later when the court inquired whether defendant had "answered all [of the court's] questions truthfully this morning." Soon thereafter in the plea proceeding, when administering warnings pursuant to People v Outley (80 NY2d 702 [1993]), defendant indicated that he did not understand what was occurring and expressly stated that his attorney "just told me to say . . . yes" during their off-the-record discussion. Notably, this was not the first time during the plea proceeding that defendant expressed difficulty understanding what was occurring—shortly after being sworn in, defendant stated that he was in special education classes, had not understood "a lot of things" that had been said, and had only "kind of" understood the proceedings so far.
The court did not, at any point, question defendant about his statements that he did not understand the proceedings and that his counsel just told him to say "yes." Nor did the court, at any point, further inquire into the underlying facts of the offense or attempt to determine what portion of its initial question the defendant was uncertain about. Rather, the court instructed the defendant to speak with his counsel off the record and thereafter, re-asked the same question regarding the underlying facts of the offense nearly verbatim.
While it is certainly laudable to permit a defendant to speak with their counsel off the record, the "duty to inquire further to ensure that defendant's guilty plea is knowing and [*4]voluntary" remained with the court and could not be delegated to the attorney (Lopez, 71 NY2d at 666; see People v Mox, 20 NY3d 936, 939 [2012]). Merely re-asking defendant the same question falls short of the further inquiry required under Lopez and its progeny.
Finally, I find little comfort in defendant's monosyllabic statement that he truthfully pleaded guilty, particularly where, as here, defendant also stated—despite numerous contradictory statements—that he answered all of the court's questions that morning truthfully and claimed that his attorney "just told [him] to say, yes." I would therefore reverse the judgment, vacate the plea and remit the matter to County Court for further proceedings on the indictment (see generally Bovio, 206 AD3d at 1571).
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court