# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**490**

**KA 11-02451**

PRESENT: SMITH, J.P., CENTRA, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

KAHLEIF GREEN, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered December 1, 2010. The judgment convicted defendant, upon his plea of guilty, of robbery in the third degree and assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the third degree (Penal Law § 160.05) and assault in the second degree (§ 120.05 [3]). We note at the outset that we agree with defendant that the waiver of the right to appeal is not valid. County Court informed defendant that, if he did not sign a written waiver of the right to appeal, the court would not be bound to honor the sentence promise and could impose up to the maximum sentence. We conclude that the court "thereby threatened defendant with a greater term of incarceration in the event that defendant did not sign the waiver, thus rendering the court's colloquy concerning the waiver impermissibly coercive" (*People v Quinones*, 129 AD3d 1699, 1700).

Defendant failed to preserve for our review his contention that his guilty plea was not voluntarily entered, inasmuch as he failed to move to withdraw the plea or to vacate the judgment of conviction (*see People v Brown*, 305 AD2d 1068, 1068-1069, *lv denied* 100 NY2d 579). In any event, defendant's contention lacks merit. First, "the fact that defendant was required to accept or reject the plea offer within a short time period does not amount to coercion" (*People v Jenkins*, 117 AD3d 1528, 1529, *lv denied* 23 NY3d 1063 [internal quotation marks omitted]). Second, "[t]he fact that the possibility of a federal prosecution may have influenced defendant's decision to plead guilty

is insufficient to establish that the plea was coerced" (*People v Hobby*, 83 AD3d 1536, 1536, *lv denied* 17 NY3d 859).

We agree with defendant's further contention that the court erred in sentencing him as a second felony offender without conducting a hearing. Defendant initially told the court that he wished to challenge the constitutionality of his predicate felony conviction but, when the court stated that it would consider defendant's challenge to be a violation of the plea agreement, defendant agreed not to challenge the predicate felony conviction, essentially waiving his right to a hearing. We agree with defendant that his waiver was the product of impermissible coercion by the court because, although the court " 'did advise defendant during the plea hearing that he was going to be sentenced as a [second] felony offender, it never specifically instructed him that admitting such [second] felony offender status was a condition of the plea agreement and that his failure to do so would result in a more severe sentence' " (*People v VanHooser* [appeal No. 2], 126 AD3d 1531, 1532). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing "following a hearing in which the People will have the burden of proof of establishing . . . whether defendant is a [second] . . . felony offender" (*id.*). In light of our determination, we do not address defendant's challenge to the severity of the sentence.

Entered:  June 10, 2016                                    Frances E. Cafarell
                                                           Clerk of the Court