■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM D. GIBSON, JR., Appellant. [47 NYS3d 612]—

Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered November 14, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a guilty plea of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Contrary to defendant's contention, his waiver of the right to appeal is valid (*see generally People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Weinstock*, 129 AD3d 1663, 1663 [2015], *lv denied* 26 NY3d 1012 [2015]). The " 'plea colloquy, together with the written waiver of the right to appeal, adequately apprised defendant that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (*People v Williams*, 132 AD3d 1291, 1291 [2015], *lv denied* 26 NY3d 1151 [2016]). We reject defendant's contention that the written waiver of appeal is unenforceable because it contained certain

nonwaivable rights. "Any nonwaivable [rights] purportedly encompassed by the waiver 'are excluded from the scope of the waiver [and] the remainder of the waiver is valid and enforceable' " (*People v Neal*, 56 AD3d 1211, 1211 [2008], *lv denied* 12 NY3d 761 [2009]; *see Williams*, 132 AD3d at 1291). Defendant's valid waiver of the right to appeal encompasses his challenge to County Court's suppression ruling (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *Williams*, 132 AD3d at 1291; *Weinstock*, 129 AD3d at 1663). Present—Centra, J.P., Peradotto, Curran, Troutman and Scudder, JJ.