# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**129**

**KA 15-00333**

PRESENT: CENTRA, J.P., PERADOTTO, CURRAN, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                MEMORANDUM AND ORDER

GLENWOOD E. CARR, JR., DEFENDANT-APPELLANT.

---

MICHAEL G. CIANFARANO, OSWEGO, FOR DEFENDANT-APPELLANT.

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (Donald E. Todd, J.), rendered December 15, 2014. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of murder in the second degree (Penal Law § 125.25 [3]), defendant contends that his waiver of the right to appeal is invalid because it was not knowingly, voluntarily, and intelligently entered. We reject that contention. The record establishes that County Court engaged defendant "in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Nicometo*, 137 AD3d 1619, 1619-1620 [internal quotation marks omitted]), and that defendant "understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256; *see Nicometo*, 137 AD3d at 1620). The valid waiver of the right to appeal with respect to both the conviction and sentence forecloses defendant's challenge to the severity of his sentence (*see Lopez*, 6 NY3d at 255-256; *Nicometo*, 137 AD3d at 1620; *cf. People v Maracle*, 19 NY3d 925, 928).

Defendant's further contention that the court abused its discretion in denying his motion to withdraw his guilty plea because it was not knowingly, voluntarily and intelligently entered survives his waiver of the right to appeal (*see People v Sparcino*, 78 AD3d 1508, 1509, *lv denied* 16 NY3d 746). Even assuming, arguendo, that defendant preserved his contention for our review by moving to withdraw the plea on the same grounds as those advanced on appeal (*see generally People v Gibson*, 140 AD3d 1786, 1787, *lv denied* 28 NY3d 1072), we conclude that it lacks merit. First, defendant's contention that he mistakenly believed that he faced a maximum term of

incarceration of life without the possibility of parole is supported only by defendant's own self-serving statements (*see People v Green*, 122 AD3d 1342, 1343-1344), and is belied by the transcript of the plea colloquy (*see generally People v Manor*, 121 AD3d 1581, 1582, *affd* 27 NY3d 1012).  Second, " 'the fact that defendant was required to accept or reject the plea offer within a short time period does not amount to coercion' " (*People v Green*, 140 AD3d 1660, 1661, *lv denied* 28 NY3d 930).  Third, "the court did not coerce defendant into pleading guilty merely by informing him of the range of sentences that he faced if he proceeded to trial and was convicted" (*People v Pitcher*, 126 AD3d 1471, 1472, *lv denied* 25 NY3d 1169).  Finally, we conclude that "there is no indication in the record that defendant's ability to understand the plea proceeding was impaired based on his alleged failure to take required medication" (*People v Jackson*, 85 AD3d 1697, 1698, *lv denied* 17 NY3d 817).

Entered:  February 10, 2017                    Frances E. Cafarell
                                               Clerk of the Court