# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**630**
**KA 15-00403**
PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                        MEMORANDUM AND ORDER

ROBERT J. PROPST, ALSO KNOWN AS ROBERT JOSEPH
PROPST, ALSO KNOWN AS ROBERT PROPST,
DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF
COUNSEL), FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered March 2, 2015.  The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  On appeal from a judgment convicting him upon his plea of guilty of robbery in the second degree (Penal Law § 160.10), defendant contends that his waiver of the right to appeal is invalid because it was not knowingly, voluntarily, and intelligently entered. We reject that contention.  The record establishes that County Court engaged defendant "in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Carr*, 147 AD3d 1506, 1506 [internal quotation marks omitted]). Furthermore, the plea colloquy, together with the written waiver of the right to appeal (*see People v Gibson*, 147 AD3d 1507, 1507; *see generally People v Ramos*, 7 NY3d 737, 738), adequately apprised defendant that "the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256; *see Carr*, 147 AD3d at 1506).  The valid waiver of the right to appeal with respect to both the conviction and the sentence forecloses defendant's challenge to the severity of his sentence (*see Lopez*, 6 NY3d at 255-256; *Carr*, 147 AD3d at 1506; *cf. People v Maracle*, 19 NY3d 925, 928).

Entered:  May 5, 2017                                    Frances E. Cafarell
                                                         Clerk of the Court