■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES L. BLACKWELL, Appellant. [53 NYS3d 863]—Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered September 24, 2014. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of grand larceny in the third degree (Penal Law § 155.35 [1]). We agree with defendant that the waiver of the right to appeal is not valid. In order for this Court to uphold a waiver of the right to appeal, "[t]he record must establish that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty—the right to remain silent, the right to confront one's accusers and the right to a jury trial, for example" (*People v Lopez*, 6 NY3d 248, 256 [2006]). Such a waiver is ineffective where as here, defendant, notwithstanding a written waiver, "never orally confirmed that he grasped the concept of the appeal waiver and the nature of the right he was forgoing" (*People v Bradshaw*, 18 NY3d 257, 267 [2011]; *cf. People v Ramos*, 7 NY3d 737, 738 [2006]; *People v Gibson*, 147 AD3d 1507, 1507 [2017]). Nevertheless, we conclude that the sentence is not unduly harsh or severe. Present—Smith, J.P., Lindley, DeJoseph, NeMoyer and Curran, JJ.