Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered November 18, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the first degree.
 

 It is hereby ordered that the judgment so appealed from is unanimously affirmed.
 

 Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal contempt in the first degree (Penal Law § 215.51 [b] [v]), defendant contends that his waiver of the right to appeal is invalid because it was not knowingly, voluntarily, and intelligently entered. We reject that contention. It is well settled that a “court need not engage in any particular litany when apprising a defendant pleading guilty of the individual rights abandoned” (People v Lopez, 6 NY3d 248, 256 [2006]). To the contrary, a court need only make “certain that . . . defendant’s understanding of the terms and conditions of a plea agreement is evident on the face of the record” (id.). Here, the record establishes that County Court engaged defendant “in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice” (People v Carr, 147 AD3d 1506, 1506 [4th Dept 2017], lv denied 29 NY3d 1030 [2017] [internal quotation marks omitted]). In addition, the plea colloquy, together with the written waiver of the right to appeal (see People v Gibson, 147 AD3d 1507, 1507 [4th Dept 2017], lv denied 29 NY3d 1032 [2017]; see generally People v Ramos, 7 NY3d 737, 738 [2006]), adequately apprised defendant that “the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty” (Lopez, 6 NY3d at 256; see Carr, 147 AD3d at 1506).
 

 The valid waiver of the right to appeal with respect to both the conviction and the sentence forecloses defendant’s challenge to the severity of his sentence (see Lopez, 6 NY3d at 255-256; Carr, 147 AD3d at 1506; cf. People v Maracle, 19 NY3d 925, 928 [2012]). Furthermore, although defendant purports to challenge the legality of the sentence, “when the label defendant assigned to his appellate claim is disregarded and the actual gist of the claim is examined, it is apparent that his challenge is addressed not to the legality of the sentence on its face, or even to the power of the court to impose the . . . sentence it chose” (People v Callahan, 80 NY2d 273, 281 [1992]). Here, upon examining the core of defendant’s contention, we conclude that he is “essentially challenging the procedure pursuant to which he was sentenced as [a second felony offender]” (People v Adams, 64 AD3d 1186, 1187 [4th Dept 2009], lv denied 13 NY3d 834 [2009]; see People v Carney, 129 AD3d 1511, 1511 [4th Dept 2015], lv denied 27 NY3d 994 [2016]), and his “valid waiver of his right to appeal precludes review of his claim that the procedure used to adjudicate him a second felony offender was defective” (People v Kosse, 94 AD3d 908, 908 [2d Dept 2012], lv denied 19 NY3d 963 [2012]; see People v Holmes, 122 AD3d 770, 770 [2d Dept 2014], lv denied 24 NY3d 1219 [2015]).
 

 Present—Smith, J.P., Centra, Carni, Curran and Troutman, JJ.