People v Baker (2019 NY Slip Op 06358)





People v Baker


2019 NY Slip Op 06358


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CARNI, NEMOYER, AND WINSLOW, JJ.


755 KA 17-01097

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TREVIS D. BAKER, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (MICHAEL S. DEAL OF COUNSEL), FOR DEFENDANT-APPELLANT. 
TREVIS D. BAKER, DEFENDANT-APPELLANT PRO SE.
JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (SUSAN M. HOWARD OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered May 15, 2017. The judgment convicted defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted criminal sale of a controlled substance in the third degree (Penal Law §§ 110.00, 220.39 [1]), defendant contends in his main brief that his waiver of the right to appeal is invalid. We reject that contention. We conclude that "the plea colloquy here was sufficient because the right to appeal was adequately described without lumping it into the panoply of rights normally forfeited upon a guilty plea" (People v Sanders, 25 NY3d 337, 341 [2015]; see People v Lopez, 6 NY3d 248, 257 [2006]). Contrary to defendant's contention, "[a]ny nonwaivable issues purportedly encompassed by the waiver are excluded from the scope of the waiver [and] the remainder of the waiver is valid and enforceable' " (People v Neal, 56 AD3d 1211, 1211 [4th Dept 2008], lv denied 12 NY3d 761 [2009]; see People v Gibson, 147 AD3d 1507, 1508 [4th Dept 2017], lv denied 29 NY3d 1032 [2017]; People v Weatherbee, 147 AD3d 1526, 1526 [4th Dept 2017], lv denied 29 NY3d 1038 [2017]). Defendant's valid waiver encompasses his challenge in his main brief to the severity of his sentence (see Lopez, 6 NY3d at 255). Insofar as defendant in his pro se supplemental brief challenges the geographic jurisdiction of County Court, that contention is actually a challenge to venue in Orleans County, which is also encompassed by his valid waiver of the right to appeal (see People v Parker, 151 AD3d 1876, 1876 [4th Dept 2017], lv denied 30 NY3d 982 [2017]), and is forfeited as a result of his plea of guilty (see People v Williams, 14 NY2d 568, 570 [1964]; People v De Alvarez, 59 AD3d 732, 732-733 [2d Dept 2009], lv denied 12 NY3d 852 [2009]).
Finally, defendant's contention in his pro se supplemental brief that he was denied effective assistance of counsel survives his plea and valid waiver of the right to appeal "only insofar as he demonstrates that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [his] attorney['s] allegedly poor performance" (People v Rausch, 126 AD3d 1535, 1535 [4th Dept 2015], lv denied 26 NY3d 1149 [2016] [internal quotation marks omitted]). To the extent that defendant contends that his attorney's failure to investigate a particular witness infected the plea process, that contention "involve[s] matters outside the record on appeal and therefore must be raised by way of a motion pursuant to CPL article 440" (People v Bethune, 21 AD3d 1316, 1316 [4th Dept 2005], lv denied 6 NY3d 752 [2005]; see also People v Kaminski, 109 AD3d 1186, 1186 [4th Dept 2013], lv denied 22 NY3d 1088 [2014]). To the extent that defendant's contention is reviewable on direct appeal, we conclude that it lacks merit inasmuch as he "receive[d] an advantageous plea and [*2]nothing in the record casts doubt on the apparent effectiveness of counsel" (People v Booth, 158 AD3d 1253, 1255 [4th Dept 2018], lv denied 31 NY3d 1078 [2018] [internal quotation marks omitted]).
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court