People v Rumph (2019 NY Slip Op 08309)





People v Rumph


2019 NY Slip Op 08309


Decided on November 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, CURRAN, TROUTMAN, AND WINSLOW, JJ.


1031 KA 17-01291

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CORDERO RUMPH, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JAMES M. SPECYAL OF COUNSEL), FOR DEFENDANT-APPELLANT.
LORI P. RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY, FOR RESPONDENT. 


 Appeal from a judgment of the Cattaraugus County Court (Ronald D. Ploetz, J.), rendered June 13, 2016. The judgment convicted defendant upon his plea of guilty of attempted criminal sale of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal sale of a controlled substance in the third degree (Penal Law §§ 110.00, 220.39 [1]). Contrary to defendant's contention, the record establishes that he knowingly, voluntarily and intelligently waived the right to appeal (see generally People v Lopez, 6 NY3d 248, 256 [2006]). It is well settled that a " court need not engage in any particular litany when apprising a defendant pleading guilty of the individual rights abandoned' " (People v Sanders, 25 NY3d 337, 341 [2015]) and, here, the record establishes that County Court engaged defendant "in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Carr, 147 AD3d 1506, 1506 [4th Dept 2017], lv denied 29 NY3d 1030 [2017] [internal quotation marks omitted]). That valid waiver forecloses any challenge by defendant to the severity of the sentence (see generally People v Lococo, 92 NY2d 825, 827 [1998]; People v Lasher, 151 AD3d 1774, 1775 [4th Dept 2017], lv denied 29 NY3d 1129 [2017]).
Entered: November 15, 2019
Mark W. Bennett
Clerk of the Court