People v Daoust (2019 NY Slip Op 09162)





People v Daoust


2019 NY Slip Op 09162


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, NEMOYER, AND WINSLOW, JJ.


1146 KA 18-01558

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID P. DAOUST, JR., DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (THERESA L. PREZIOSO OF COUNSEL), FOR DEFENDANT-APPELLANT.
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Niagara County Court (Mark A. Violante, A.J.), rendered April 25, 2018. The judgment convicted defendant upon his plea of guilty of burglary in the third degree and petit larceny. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In both of these appeals, defendant appeals from judgments convicting him upon his pleas of guilty of burglary in the third degree (Penal Law § 140.20) and petit larceny (§ 155.25). Contrary to defendant's contention in both appeals, the waivers of the right to appeal were knowingly, voluntarily, and intelligently entered. The record establishes that County Court "engaged defendant in an adequate colloquy to ensure that the waiver[s] of the right to appeal w[ere] a knowing and voluntary choice . . . , and did not improperly conflate the waiver of the right to appeal with those rights automatically forfeited by a guilty plea" (People v Lamagna, 173 AD3d 1772, 1772 [4th Dept 2019], lv denied 34 NY3d 934 [2019] [internal quotation marks omitted]; see People v Carr, 147 AD3d 1506, 1506 [4th Dept 2017], lv denied 29 NY3d 1030 [2017]; see also People v Sanders, 25 NY3d 337, 341 [2015]). The valid waivers of the right to appeal foreclose review of defendant's challenges to the severity of the sentences (see People v Lopez, 6 NY3d 248, 256 [2006]). Indeed, contrary to defendant's contentions, inasmuch as he was clearly informed of the ramifications on the sentences if he violated the conditions of the plea agreements by failing to complete the judicial diversion program, the waivers of the right to appeal encompass defendant's challenges to the severity of the sentences he received upon failing to complete that program (see People v Savage, 158 AD3d 854, 855-856 [3d Dept 2018]; see generally Lopez, 6 NY3d at 256). The valid waivers of the right to appeal also foreclose review of the court's discretionary decision to deny youthful offender status (see People v Pacherille, 25 NY3d 1021, 1024 [2015]; People v Allen, 174 AD3d 1456, 1457-1458 [4th Dept 2019], lv denied 34 NY3d 978 [2019]; Lamagna, 173 AD3d at 1773), as well as defendant's requests that this Court exercise its interest of justice jurisdiction to adjudicate him a youthful offender (see Allen, 174 AD3d at 1458; People v Castaneda, 173 AD3d 1791, 1792 [4th Dept 2019], lv denied 34 NY3d 929 [2019]).
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court