# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

337

KA 12-02268

PRESENT: SMITH, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

MARK DUDDEN, DEFENDANT-APPELLANT.

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.

MARK DUDDEN, DEFENDANT-APPELLANT PRO SE.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered November 1, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the second degree (Penal Law § 220.41 [1]). Although we agree with defendant that the waiver of the right to appeal is invalid because " 'the minimal inquiry made by County Court was insufficient to establish that the court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Jones*, 107 AD3d 1589, 1589-1590, *lv denied* 21 NY3d 1075; *see People v Amir W.*, 107 AD3d 1639, 1640), we nevertheless affirm the judgment.

Defendant contends that his plea should be vacated because he was coerced into pleading guilty by the court's decision to change the date of his trial. Defendant failed to preserve that contention for our review (*see People v Boyd*, 101 AD3d 1683, 1683; *People v Lando*, 61 AD3d 1389, 1389, *lv denied* 13 NY3d 746), and this case does not fall within the narrow exception to the preservation requirement (*see People v Carlisle*, 50 AD3d 1451, 1451, *lv denied* 10 NY3d 957; *People v Gray*, 21 AD3d 1398, 1399; *cf. People v Lang*, 127 AD3d 1253, 1255; *see generally People v Lopez*, 71 NY2d 662, 666). Contrary to defendant's further contention, the court properly refused to suppress identification evidence upon determining that the undercover officer's

identification of defendant was merely confirmatory (*see generally People v Wharton*, 74 NY2d 921, 922-923).  We also reject defendant's challenge to the severity of the sentence.

In his pro se supplemental brief, defendant contends that the court erred in denying his request for a *Darden* hearing.  We reject that contention.  Where, as here, information is received from a confidential informant but the police officer thereafter makes his or her own observations of criminal activity without further employment of the informant, those observations form the basis for probable cause to arrest, rendering a *Darden* hearing unnecessary (*see People v Darden*, 34 NY2d 177, 180-181, *rearg denied* 34 NY2d 995; *People v Long*, 100 AD3d 1343, 1345-1346, *lv denied* 20 NY3d 1063).

Defendant further contends in his pro se supplemental brief that the court erred in refusing to dismiss or reduce the indictment because the People were improperly permitted to amend the indictment.  "[B]y his guilty plea, defendant forfeited any challenge to the alleged amendment of the indictment" (*People v Torres*, 117 AD3d 1497, 1498, *lv denied* 24 NY3d 965).  Finally, we conclude that defendant's remaining contention in his pro se supplemental brief lacks merit.