# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**985**

**KA 14-01622**

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TYWAN HOWINGTON, DEFENDANT-APPELLANT.

---

LUCILLE M. RIGNANESE, DEWITT, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ROMANA A. LAVALAS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered June 23, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). We agree with defendant that the waiver of the right to appeal is invalid because "the minimal inquiry made by County Court was insufficient to establish that the court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Jones*, 107 AD3d 1589, 1589, *lv denied* 21 NY3d 1075 [internal quotation marks omitted]; *see People v Garcia-Cruz*, 138 AD3d 1414, 1414, *lv denied* 28 NY3d 929; *People v Dudden*, 138 AD3d 1452, 1453, *lv denied* 28 NY3d 929). Here, the court failed to ensure that defendant "understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256).

Nevertheless, by failing to move to withdraw the plea or to vacate the judgment of conviction, defendant has failed to preserve for our review his challenge to the factual sufficiency of the plea allocution (*see People v Lopez*, 71 NY2d 662, 665; *People v Bertollini* [appeal No. 2], 141 AD3d 1163, 1164; *People v Allen*, 137 AD3d 1719, 1719, *lv denied* 27 NY3d 1127). In any event, we conclude that "the allocution shows that the defendant understood the charges and made an intelligent decision to enter a plea" (*People v Goldstein*, 12 NY3d 295, 301).

Defendant's challenge to the legal sufficiency of the evidence before the grand jury does not survive the guilty plea (*see People v Gillett*, 105 AD3d 1444, 1445; *People v Lawrence*, 273 AD2d 805, 805, *lv denied* 95 NY2d 867; *see generally People v Iannone*, 45 NY2d 589, 600-601). Defendant's challenge to the sufficiency of the factual allegations in the indictment likewise does not survive the guilty plea (*see People v Sims*, 129 AD3d 1509, 1510, *lv denied* 26 NY3d 935; *People v Holt*, 173 AD2d 644, 645; *see generally Iannone*, 45 NY2d at 600-601).

Entered:  November 18, 2016                    Frances E. Cafarell
                                               Clerk of the Court