# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**442**

**KA 15-01726**

PRESENT: WHALEN, P.J., SMITH, CENTRA, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

BRIAN T. TUMOLO, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (Donald E. Todd, J.), rendered August 18, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), defendant challenges the severity of his sentence. As a preliminary matter, we conclude that the waiver of the right to appeal is invalid because the perfunctory inquiry made by County Court was "insufficient to establish that the court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Howington*, 144 AD3d 1651, 1652 [internal quotation marks omitted]; *see People v Shaw*, 133 AD3d 1312, 1313, *lv denied* 26 NY3d 1150). Nevertheless, we conclude that the sentence is not unduly harsh or severe. We note, however, that the certificate of conviction incorrectly reflects that defendant was sentenced to three years of postrelease supervision, and it must therefore be amended to reflect that he was sentenced to two years of postrelease supervision (*see e.g. People v Saxton*, 32 AD3d 1286, 1286-1287).

Entered:  April 28, 2017                      Frances E. Cafarell
                                              Clerk of the Court