■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY L. MALLARD, JR., Also Known as LIL LARRY, Appellant. [57 NYS3d 861]—Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered October 2, 2013. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]). We agree with defendant that his " 'waiver of his right to appeal was invalid because [County Court] conflated the appeal waiver with the rights automatically waived by the guilty plea' " (*People v Hawkins*, 94 AD3d 1439, 1439 [2012], *lv denied* 19 NY3d 974 [2012]; *see People v Howington*, 144 AD3d 1651, 1652 [2016]). Thus, defendant's remaining challenges are not encompassed by that waiver. Contrary to the remaining contention of defendant in his main brief, the sentence is not unduly harsh and severe.

Defendant's challenge in his pro se supplemental brief to the factual sufficiency of the plea allocution is not preserved for our review (*see generally People v Lopez*, 71 NY2d 662, 665 [1988]), and it is lacking in merit in any event. No factual basis for the plea is required where, as here, "a defendant enters a negotiated plea to a lesser crime than the one charged" (*People v Johnson*, 23 NY3d 973, 975 [2014]; *see People v Gibson*, 140 AD3d 1786, 1787 [2016], *lv denied* 28 NY3d 1072 [2016]). We further conclude, contrary to defendant's contention in his pro se supplemental brief, that he was afforded meaningful representation inasmuch as he "receive[d] an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Norman*, 128 AD3d 1418, 1419 [2015], *lv denied* 27 NY3d 1003 [2016] [internal quotation marks omitted]). To the extent that defendant's contentions regarding the plea and effective assistance of counsel are based upon matters outside the record, those matters should be addressed by a motion pursuant to CPL 440.10 (*see Norman*, 128 AD3d at 1419). Present—Centra, J.P., Peradotto, DeJoseph, NeMoyer and Troutman, JJ.