People v Wesley B. (2018 NY Slip Op 08844)





People v Wesley B.


2018 NY Slip Op 08844


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, CARNI, AND TROUTMAN, JJ.


1336 KA 16-01963

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WESLEY B., DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from an adjudication of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered October 4, 2016. Defendant was adjudicated a youthful offender upon his plea of guilty of attempted robbery in the first degree. 
It is hereby ORDERED that the adjudication so appealed from is unanimously affirmed.
Memorandum: On appeal from a youthful offender adjudication based upon his plea of guilty of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [2]), defendant contends that his waiver of the right to appeal is invalid. We agree. The minimal perfunctory inquiry made by Supreme Court was "insufficient to establish that the court engage[d] . . . defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (People v Brown, 296 AD2d 860, 860 [4th Dept 2002], lv denied 98 NY2d 767 [2002]; see People v Hamilton, 49 AD3d 1163, 1164 [4th Dept 2008]). Nevertheless, we reject defendant's contention that his sentence is unduly harsh and severe. We note, however, that the certificate of conviction contains internal inconsistencies and must therefore be amended to reflect that defendant was sentenced to an indeterminate term of incarceration of 1&frac13; to 4 years (see People v Tumolo, 149 AD3d 1544, 1544 [4th Dept 2017], lv denied 29 NY3d 1087 [2017]).
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court