People v Massey (2019 NY Slip Op 05266)





People v Massey


2019 NY Slip Op 05266


Decided on June 28, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND WINSLOW, JJ.


46 KA 09-00914

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TERROL MASSEY, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.
TERROL MASSEY, DEFENDANT-APPELLANT PRO SE.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered April 20, 2007. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, conspiracy in the second degree, and criminal possession of a weapon in the fourth degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [1]) and conspiracy in the second degree (§ 105.15), defendant contends in his main brief that Supreme Court erred in denying his Batson challenge to the prosecutor's use of a peremptory challenge (see Batson v Kentucky, 476 US 79, 94-98 [1986]). Defendant failed to preserve for our review his contention "concerning the court's procedure for determining his Batson objection" (People v Schumaker, 136 AD3d 1369, 1371 [4th Dept 2016], lv denied 27 NY3d 1075 [2016], reconsideration denied 28 NY3d 974 [2016]; see People v Collins, 63 AD3d 1609, 1610 [4th Dept 2009], lv denied 13 NY3d 795 [2009]; People v Parker, 304 AD2d 146, 156 [4th Dept 2003], lv denied 100 NY2d 585 [2003]). Furthermore, defendant's contention that the reasons that the prosecutor gave for striking a prospective juror in response to his Batson challenge were pretextual is also unpreserved inasmuch as defendant "failed to articulate . . . any reason why he believed that the prosecutor's explanations were pretextual" (People v Santiago, 272 AD2d 418, 418 [2d Dept 2000], lv denied 95 NY2d 907 [2000]; see People v Smocum, 99 NY2d 418, 423-424 [2003]; People v Cooley, 48 AD3d 1091, 1092 [4th Dept 2008], lv denied 10 NY3d 861 [2008]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We reject defendant's further contention in his main brief that the court erred in denying his request for a missing witness charge with respect to two nontestifying codefendants who had entered pleas of guilty. Although the prosecutor did not call those two codefendants to testify, it is well settled that "the mere failure to produce a witness at trial, standing alone, is insufficient to justify the charge. Rather, it must be shown that the uncalled witness is knowledgeable about a material issue upon which evidence is already in the case; that the witness would naturally be expected to provide noncumulative testimony favorable to the party who has not called him [or her], and that the witness is available to such party" (People v Gonzalez, 68 NY2d 424, 427 [1986]). "The burden, in the first instance, is upon the party seeking the charge to promptly notify the court that there is an uncalled witness believed to be knowledgeable about a material issue pending in the case, that such witness can be expected to testify favorably to the opposing party [*2]and that such party has failed to call him [or her] to testify" (id.; see People v Smith, — NY3d &mdash, &mdash, 2019 NY Slip Op 04447, *2 [2019]). If a defendant shows that those factors are present, the People then bear the burden of demonstrating that the charge would not be appropriate (see Smith, — NY3d at &mdash, 2019 NY Slip Op 04447, *2; Gonzalez, 68 NY2d at 428). That burden " can be met by demonstrating,' among other things, that the testimony would be cumulative to other evidence' " (Smith, — NY3d at &mdash, 2019 NY Slip Op 04447, *2). Here, we conclude that, after defendant met his initial burden by demonstrating that the relevant three factors were present (see Gonzalez, 68 NY2d at 427), the court did not abuse its discretion in denying defendant's request upon concluding that the People demonstrated that the two witnesses in question would provide only cumulative testimony (see People v Butler, 140 AD3d 1610, 1611-1612 [4th Dept 2016], lv denied 28 NY3d 969 [2016]; People v Goossens, 92 AD3d 1281, 1282 [4th Dept 2012], lv denied 19 NY3d 960 [2012]). Moreover, such testimony "would [have been] presumptively suspect' . . . or subject to impeachment detrimental to the People's case" (People v Arnold, 298 AD2d 895, 895 [4th Dept 2002], lv denied 99 NY2d 580 [2003]; see People v Parton, 26 AD3d 868, 869 [4th Dept 2006], lv denied 7 NY3d 760 [2006]).
We also reject defendant's contention in his main brief that the court erred in refusing to suppress the statements that he made to the police on the ground that the police violated his right to counsel by using trickery to prevent him from speaking to his parents. Although defendant is correct that a statement made by a 17 year old is subject to suppression if it is obtained after the police "have sealed off the most likely avenue by which the assistance of counsel may reach [that person] by means of deception and trickery" (People v Townsend, 33 NY2d 37, 41 [1973]; see also People v Bevilacqua, 45 NY2d 508, 513 [1978]), suppression is not required on that ground where "there is no indication that he was threatened or coerced or that the police unlawfully isolated him from supportive adults who attempted to see him" (People v Tompkins, 55 AD3d 1373, 1373 [4th Dept 2009], lv denied 15 NY3d 758 [2010]; see generally People v Huff, 133 AD3d 1223, 1225 [4th Dept 2015], lv denied 27 NY3d 999 [2016]). Here, defendant failed to demonstrate that the police employed any " official deception or trickery' " to prevent him from speaking with his parents (People v Martin, 39 AD3d 1213, 1213 [4th Dept 2007], lv denied 9 NY3d 878 [2007]), and he is therefore not entitled, on that basis, "to the suppression of the statements that he made to the police after asking to [do so]" (People v Harvey, 70 AD3d 1454, 1455 [4th Dept 2010], lv denied 15 NY3d 750 [2010]).
Defendant further contends in his main brief that the court violated Judiciary Law § 21 because the Justice who decided that part of his omnibus motion seeking to suppress his statements to the police (Wolfgang, J.) was not the Justice who heard the testimony at the suppression hearing (Forma, J.). We reject that contention. Pursuant to the statute, a judge or justice "shall not decide or take part in the decision of a question, which was argued orally in the court, when he [or she] was not present and sitting therein" as a judge or justice (id.; see generally Matter of Connelly-Logal v West, 272 AD2d 920, 920 [4th Dept 2000]). Furthermore, "[i]t has been made clear that [section 21] applies not only to oral argument of motions, but to the taking of testimony, and violation is a defect so fundamental that it cannot be waived" (People v Cameron, 194 AD2d 438, 438 [1st Dept 1993]). Nevertheless, where a judge or justice replaces another judge or justice in the midst of litigation, the Court of Appeals "interprets section 21 by looking at whether the replacement judge [or justice] will be asked to make factual determinations, as opposed to reaching legal conclusions, and overall fairness" (People v Hampton, 21 NY3d 277, 285 [2013]).
Here, the first Justice heard the testimony at the hearing, but then made detailed findings of fact, encompassing five pages of hearing transcript. The second Justice explicitly stated that she was familiar with the proceedings, had reviewed the transcript from the hearing, and adopted the first Justice's findings of fact in their entirety. Although a single witness testified after the first Justice made his findings of fact, the second Justice did not, by determining that the testimony of that witness was credible, violate section 21 under the unique circumstances of this case. Notably, that witness was called by defendant, and defendant suffered no prejudice from the credibility determination, which was entirely in his favor. Thus, because the second Justice determined that the testimony of that witness did not require suppression of defendant's statements, we conclude that "purely legal questions were involved" (Plunkett v Emergency Med. Serv. of N.Y. City, 234 AD2d 162, 163 [1st Dept 1996]; see Hampton, 21 NY3d at 285), and "overall fairness" is served by permitting the second Justice to determine the legal ramifications of that witness's testimony (Hampton, 21 NY3d at 285).
Defendant further contends in his main brief that the court erred in directing a Dunaway hearing but failing to render a decision after the hearing. In his pro se supplemental brief, he contends that the court erred in refusing to suppress the statements in question because they were the fruit of an illegal arrest and that the prosecutor engaged in misconduct by submitting such illegally obtained evidence at trial. At the start of the suppression hearing, Justice Forma directed the prosecution to conduct a combined Huntley and Dunaway hearing, and the prosecutor introduced evidence concerning the circumstances under which defendant was taken into custody. Although Justice Wolfgang refused to suppress defendant's statements, the court did not address the legality of defendant's detention or arrest. "CPL 470.15 (1) precludes [this Court] from reviewing an issue that was either decided in an appellant's favor or was not decided by the trial court" (People v Ingram, 18 NY3d 948, 949 [2012]; see People v LaFontaine, 92 NY2d 470, 473-474 [1998], rearg denied 93 NY2d 849 [1999]). Consequently, as the People correctly concede, we may not resolve defendant's contentions regarding the Dunaway issue, which was never addressed by the court. We therefore hold the case, reserve decision, and remit the matter to Supreme Court to determine whether the statements should be suppressed as the fruit of an illegal detention or arrest (see generally People v Chattley, 89 AD3d 1557, 1558 [4th Dept 2011]).
Contrary to defendant's contention in his main brief, the sentence is not unduly harsh or severe. We note, however, that the certificate of conviction contains an error regarding the sentence imposed on the conspiracy count and must therefore be amended to reflect that defendant was sentenced to an indeterminate term of incarceration of 6&frac23; to 20 years on that count (see e.g. People v Tumolo, 149 AD3d 1544, 1544 [4th Dept 2017], lv denied 29 NY3d 1087 [2017]).
Defendant's further contention in his pro se supplemental brief that he was denied effective assistance of counsel is based on matters outside the record, and that contention must therefore be raised by way of a motion pursuant to CPL 440.10 (see People v Mallard, 151 AD3d 1957, 1958 [4th Dept 2017], lv denied 29 NY3d 1130 [2017]).
We have considered defendant's remaining contentions in his main and pro se supplemental briefs, and we conclude that none warrants modification or reversal of the judgment.
Entered: June 28, 2019
Mark W. Bennett
Clerk of the Court