People v Johnson (2021 NY Slip Op 01607)





People v Johnson


2021 NY Slip Op 01607


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


250 KA 17-02148

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RIZA J. JOHNSON, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered November 7, 2016. The judgment convicted defendant upon a plea of guilty of criminal possession of a weapon in the second degree (two counts), criminal possession of a controlled substance in the third degree (two counts), resisting arrest, and unlawful possession of marihuana. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]) and two counts of criminal possession of a controlled substance in the third degree (§ 220.16 [1]). As defendant contends and the People correctly concede, the record does not establish that defendant validly waived his right to appeal. Supreme Court's oral waiver colloquy and the written waiver signed by defendant together "mischaracterized the nature of the right that defendant was being asked to cede, portraying the waiver as an absolute bar to defendant taking an appeal and the attendant rights to counsel and poor person relief, as well as a bar to all postconviction relief, and there is no clarifying language in either the oral or written waiver indicating that appellate review remained available for certain issues" (People v Stenson, 179 AD3d 1449, 1449 [4th Dept 2020], lv denied 35 NY3d 974 [2020]; see People v Thomas, 34 NY3d 545, 564-565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v McMillian, 185 AD3d 1420, 1421 [4th Dept 2020], lv denied 35 NY3d 1096 [2020]). We thus conclude that defendant's purported waiver is not enforceable inasmuch as the totality of the circumstances fails to reveal that defendant "understood the nature of the appellate rights being waived" (Thomas, 34 NY3d at 559). Although we are thus not precluded from reviewing defendant's challenge to the severity of his sentence, we nevertheless conclude that the sentence is not unduly harsh or severe. We note, however, that the certificate of conviction incorrectly reflects that defendant was sentenced to five years of postrelease supervision on each count of criminal possession of a controlled substance in the third degree, and it must therefore be amended to reflect that he was sentenced to three years of postrelease supervision on those counts (see People v Tumolo, 149 AD3d 1544, 1544 [4th Dept 2017], lv denied 29 NY3d 1087 [2017]).
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court